UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIA BERUMEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>V.<br><br>TEXAS GUARANTEED STUDENT LOAN CORPORATION d/b/a TRELLIS COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  CASE NO. 5:18-CV-1738<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FDCPA

Plaintiff, Maria Berumen, for herself and all others similarly situated, files this Complaint asserting claims against Defendant, Texas Guaranteed Student Loan Corporation d/b/a Trellis Company and shows:

**Introduction**

1. Congress passed the Fair Debt Collection Practices Act to protect consumers from unfair, deceptive, and abusive acts and practices of debt collectors. In passing the FDCPA Congress noted that these tactics contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of person privacy.

2. To eliminate abusive debt collection practices by debt collectors, and insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, Congress passed the FDCPA.

3. One of the ways that Congress found that debt collators engage in abusive practices is calling without meaningful disclosure of the caller's identity. 15 U.S.C. 1692d(6). The FDCPA also requires debt collectors to state that a communication is from a debt collector. 15 U.S.C. § 1692e(11).

4. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, actual damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA.

**Parties**

5. Plaintiff, Maria Berumen is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

6. Defendant, Texas Guaranteed Student Loan Corporation d/b/a Trellis Company is a Texas non-profit corporation whose principal business address is 301 Sundance Parkway, Round Rock, Texas 75681. Trellis may be served by serving its registered agent Cogency Global Inc. at 1601 Elm St., Suite 4360 Dallas, Texas 75201.

**Jurisdiction & Venue**

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 1337.

8. Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

9. Venue in this district and division is proper as all events or omissions giving rise to Plaintiff's claims took place here.

### Facts

10. Berumen financed her college education with student loans.

11. After graduating from college, she was unable to keep up with her student loan payments.

12. Eventually she defaulted on a note held by Navient (the "Debt").

13. Trellis was a guarantor of one or more of Berumen's loans.

14. Trellis took assignment of the Debt.

15. Trellis regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

16. Trellis began calling Berumen to collect the Debt in late 2017.

17. Not knowing who was calling, Berumen did not answer these calls.

18. Trellis' agents left voicemails.

19. On November 20, 2017 Trellis' agent left the following message:

> "Hello this is Monique I'm calling for Maria Berumen please return my call at 1-800-222-6297x3811, thank you."

20. On December 15, 2017 Trellis' agent left the following message:

"Hello this is James calling for Maria Berumen, if you could please return my call the number is 800-222-6297x3805, thank you."

21. On January 24, 2018, Trellis' agent left the following message:

"Hello this is [unintelligible] calling for Maria Berumen, could you please return my call at 800-222-6297x3807.

22. On January 25, 2018, Trellis' agent left the following message:

"This message is for Maria Berumen, my name is Shanae, please return my call at 800 222 6279 extension 3882, thank you"

23. On January 26, 2018, Trellis' agent left the following message:

"Hello this is [unintelligible] I'm calling for Maria Berumen please return my call at 800 222 6297 extension 3866, thank you."

24. On January 29, 2018, Trellis' agent left the following message:

"Hello this is Desiree I'm calling for Maria Berumen please return my call at 1 800 222 6297 extension 3130, thank you."

25. On January 30, 2018, Trellis' agent left the following message:

"This message is for Maria Berumen, my name is Shanae, please return my call at 800 222 6279 extension 3882, thank you"

26. On February 5, 2018, Trellis' agent left the following message:

"This message is for Maria Berumen, my name is Shanae, please return my call at 800 222 6279 extension 3882, thank you"

27. On February 7, 2018, Trellis' agent left the following message:

"This message is for Maria Berumen, my name is Shanae, please return my call at 800 222 6279 extension 3882, thank you"

28. On February 8, 2018, Trellis' agent left the following message:

"This is Andrea I'm calling for Maria Berumen, this call is regarding the packet of information that was sent to you, please return my call at 800 222 6297 extension 3163."

29. On February 12, 2018, Trellis' agent left the following message:

"Hello my name is Denita calling for Maria Berumen, this call is regarding the packet of information that was mailed to you and options that are available, please return my call at 1 800 222 6297 extension 3162, thank you."

30. On February 14, 2018, Trellis' agent left the following message:

"Hello my name is Denita calling for Maria Berumen, this call is regarding the packet of information that was mailed to you and options that are available, please return my call at 1 800 222 6297 extension 3162, thank you."

31. On February 16, 2018, Trellis' agent left the following message:

"Hello this is Corrie, I'm calling for Maria Berumen, can you please return my call at 512 219 5700 extension 3810, thank you." this call is regarding options that are available for you, thank you."

32. On February 20, 2018, Trellis' agent left the following message:

"Hello this is Corrie, I'm calling for Maria Berumen, can you please return my call at 512 219 5700 extension 3810, thank you."

33. On February 22, 2018, Trellis' agent left the following message:

"Hello this is [unintelligible] I'm calling for Maria Berumen please return my call at 800 222 6297 extension 3866, thank you."

34. On February 26, 2018, Trellis' agent left the following message:

"Hello this is Brittney calling for Maria Berumen, please return my call at 800 222 6297 extension 3808, thank you."

35. On February 26, 2018, Trellis' agent left the following message:

> "Hello this is Brittney calling for Maria Berumen, please return my call at 800 222 6297 extension 3808, thank you."

36. On February 28, 2018, Trellis' agent left the following message:

> "Hello my name is Denita calling for Maria Berumen, this call is regarding the packet of information that was mailed to you and options that are available, please return my call at 1 800 222 6297 extension 3162, thank you."

37. Trellis' agents never identify where they are calling from. None of Berumen's messages state that the caller is calling from Trellis or any other entity.

38. Trellis' agents never stated that they are debt collectors.

39. Trellis' agents never stated that they are attempting to collect a debt.

## Policies and Practices Complained of

40. It is Defendant's policy and practice to engage in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692d, 1692d(6), 1692e, and 1692e(11), by contacting consumers without identifying themselves, or the fact that they are attempting to collect a debt.

41. On information and belief Defendant has contacted numerous in the State of Texas without making statutory disclosures.

## Class Allegations

42. Plaintiff seeks to certify a class of those natural persons to whom Defendant placed a collection call and left a voicemail.

43. Subject to discovery Subject to discovery and further investigation which may cause Berumen to modify the following class definition at the

time she moves for class certification (which may be more expansive to include consumers excluded from the following definition but who received a voicemail from Trellis in an attempt to collect on a defaulted account), Berumen defines the "Class" as follows:

> Each natural person to whom Texas Guaranteed Student Loan Corporation d/b/a Trellis Company left a voicemail in an attempt to collect a debt which failed to meaningfully identify the caller, failed to state that the call was from a debt collector, and was during the Class Period.

44. The identities of all class members are readily ascertainable from the records of Trellis and those entities from whom Trellis acquired the debts.

45. Subject to discovery and further investigation which may cause Berumen to modify the following definition of the "Class Period" at the time she moves for class certification, she defines the Class Period as the one-year preceding the filing of this Complaint.

46. Subject to discovery and further investigation which may cause Berumen to modify the following definition of "Class Claims" at the time she moves for class certification, she defines the Class Claims as follows:

> All claims arising under state or federal law based on Defendant leaving voicemails similar to those left for Berumen.

47. This action has been brought and may be properly maintained, as a class action pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community of interest in the litigation in that:

> a. Numerosity. The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so

       numerous that joinder of all members would be impractical.

   b. Commonality. Common questions of law and fact exist as to all members of the Class, the principal issues are whether the voicemails left in Defendant's attempt to collect a debt in the form shown in Paragraphs **10-39** violates 15 U.S.C. §§ 1692d, 1692d(6), 1692e, and 1692e(11).

   c. Typicality. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct as alleged in this Complaint.

   d. Adequacy. The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

48. This action may be maintained as a "b1a-class", "b2-class", "b3-class", or a hybrid of any two or all three types, however, at the time of commencing this action, Plaintiff expects to seek certification of the Class under Fed. R. Civ. P. 23(b)(1) because:

   a. The questions of law and fact common to members of the Class appear to predominate over any questions affecting an individual member, and

   b. A class action would be superior to other available methods for the fair and efficient adjudication of the controversy because individual joinder of all members would be impracticable, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender, and important public interest will be served by addressing the matter as a class

>action, substantial expenses to the litigants and to the judicial system will be realized, and difficulties are unlikely in the management of a class action.

49. Based on discovery and further investigation (including, but not limited to, Trellis' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were received voicemails similar to the ones left for Berumen.

### Cause of Action – Fair Debt Collection Practices Act

50. Trellis is a debt collector as defined by 15 U.S.C. § 1692a(6).

51. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

52. Berumen is a consumer as defined by 15 U.S.C. § 1692a(2).

53. Each call to Berumen is a communication as defined by 15 U.S.C. § 1692a(3).

54. Each voicemail left for Berumen is a communication as defined by 15 U.S.C. § 1692a(3).

55. No voicemail placed by Trellis makes a meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692d(6).

56. No voicemail placed by Trellis identifies them as a debt collector in violation of 15 U.S.C. § 1692e(11).

57. No voicemail placed by Trellis stated that it was an attempt to collect a debt in violation of 15 U.S.C. § 1692e(11).

## Jury Demand

58. Plaintiff demands a jury trial in this action.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor and in favor of the Class as follows:

(i) An order certifying that the Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiffs as the class representatives, and the undersigned counsel to represent the Class;

(ii) An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

Respectfully submitted,

**LAW OFFICE OF BILL CLANTON, P.C.**
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800 Telephone
210 338 8660 Facsimile
bill@clantonlawoffice.com

By: */s/ William M. Clanton*
     WILLIAM M. CLANTON
     State Bar No. 24049436

**BINGHAM & LEA, P.C.**
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
ben@binghamandlea.com

By: */s/ Benjamin R. Bingham*
     BENJAMIN R. BINGHAM
     State Bar No. 02322350

ATTORNEYS FOR PLAINTIFF